UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOHN DOES NOS. 1 THROUGH 8 and NATIONAL
DAY LABORER ORGANIZING NETWORK,

                 Plaintiffs,           No. 06 Civ. 3243 (CM)(MDF)

     -against-

                                     **FIRST AMENDED ANSWER
                                     <u>AND AFFIRMATIVE DEFENSES</u>**

VILLAGE OF MAMARONECK, PHILIP           **<u>Jury Trial Demanded</u>**
TRIFILETTI, as Mayor of the Village of
Mamaroneck, EDWARD FLYNN, as Chief of
Police of the Village of Mamaroneck,

                 Defendants.
-------------------------------------------------------------------X

Defendants, by their attorneys, Thacher Proffitt & Wood, LLP answer the first amended

Complaint of plaintiffs John Does Nos. 1 through 8 and National Day Laborer Organizing

Network ("Plaintiffs") dated July 18, 2006 (the "Amended Complaint") as follows:

## PRELIMINARY STATEMENT

    1.      Deny the allegations set forth in paragraph 1 of the Amended Complaint.

    2.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 2 of the Amended Complaint.

    3.      Deny the allegations set forth in paragraph 3 of the Amended Complaint.

    4.      Deny the allegations set forth in paragraph 4 of the Amended Complaint.

    5.      Deny the allegations set forth in paragraph 5 of the Amended Complaint.

    6.      Admit the allegations set forth in paragraph 6 of the Amended Complaint.

    7.      Deny the allegations set forth in paragraph 7 of the Amended Complaint.

8.     The allegations set forth in paragraph 8 of the Amended Complaint state legal conclusions as to which no responsive pleading is required.  If a response is required, Defendants deny the allegations set forth in paragraph 8 of the Amended Complaint.

## JURISDICTION

9.     The allegations set forth in paragraph 9 of the Amended Complaint state legal conclusions as to which no responsive pleading is required.

## PARTIES

Plaintiffs

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Amended Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Amended Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Amended Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Amended Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Amended Complaint.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Amended Complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Amended Complaint.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Amended Complaint.

Defendants

20.    Admit the allegations set forth in paragraph 20 of the Amended Complaint.

21.    Admit the allegation set forth in paragraph 21 of the Amended Complaint that Philip Trifiletti is the Mayor of the Village of Mamaroneck and deny the remaining allegations set forth in paragraph 21 of the Amended Complaint.

22.    Admit the allegation set forth in paragraph 22 of the Amended Complaint that Edward Flynn is the Chief of Police of the Village of Mamaroneck and deny the remaining allegations set forth in paragraph 22 of the Amended Complaint.

23.    The allegations set forth in paragraph 23 of the Amended Complaint state legal conclusions as to which no responsive pleading is required.

## STATEMENT OF FACTS

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Amended Complaint.

25.    Admit the allegations set forth in paragraph 25 of the Amended Complaint concerning the location of the Park (except that the street that runs along the western boundary is Van Ranst Place not Street) and deny knowledge or information sufficient to form a belief as to whether the map is a true and correct copy.

3

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Amended Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Amended Complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Amended Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Amended Complaint.

30.     Deny the allegations set forth in paragraph 30 of the Amended Complaint.

31.     Admit the allegations set forth in paragraph 31 of the Amended Complaint.

January 23rd Resolution Closing Columbus Park to Day Laborers

32.     Admit the allegations set forth in paragraph 32 of the Amended Complaint that construction commenced on or about January 2006 and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 32 of the Amended Complaint.

33.     Admit the allegations set forth in paragraph 33 of the Amended Complaint that John Lese sent letters to the Village, deny the remaining allegations set forth in paragraph 33 of the Amended Complaint and respectfully refer the Court to the letters for their full scope and content.

34.     Neither deny nor admit the allegations set forth in paragraph 34 of the Amended Complaint and respectfully refer the Court to the letters for their full scope and content.

35.     Deny the allegations set forth in paragraph 35 of the Amended Complaint.

4

36.     Admit the allegations set forth in paragraph 36 of the Amended Complaint that on January 23, 2006 the Village passed a Resolution and respectfully refer the Court to the Resolution for its full scope and content.

37.     Admit the allegations set forth in paragraph 37 of the Amended Complaint that on January 23, 2006 the Village passed a Resolution, and respectfully refer the Court to the minutes of the January 23, 2006 meeting for its full scope and content.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Amended Complaint.

39.     Admit the allegations set forth in paragraph 39 of the Amended Complaint.

40.     Admit the allegations set forth in paragraph 40 of the Amended Complaint.

41.     Deny the allegations set forth in paragraph 41 of the Amended Complaint.

42.     Deny the allegations set forth in paragraph 42 of the Amended Complaint.

43.     Deny the allegations set forth in paragraph 43 of the Amended Complaint.

44.     Admit the allegations set forth in paragraph 44 of the Amended Complaint except deny that the flyer was signed the "Friendly Village."

45.     Admit the allegations set forth in paragraph 45 of the Amended Complaint that the Village posted signs but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 45 of the Amended Complaint.

Amendments to Traffic Ordinances

46.     Admit the allegations set forth in paragraph 46 of the Complain that on March 13, 2006 the Village amended its traffic code, deny the remaining allegations set forth in paragraph 46 of the Amended Complaint and respectfully refer the Court to the March 13, 2006 Amendments for its full scope and content.

47.     Admit the allegation that Village Trustee William J. Panonessa pointed out that trucks are prohibited on Van Ranst Place but deny the remaining allegations set forth in paragraph 47 of the Amended Complaint.

48.     Deny the allegations set forth in paragraph 48 of the Amended Complaint except admit that on March 4, 2004 the Village trustees voted to amend § 342-50 of its local zoning code and respectfully refer the Court to the minutes of the March 4, 2004 meeting for its full scope and content.

49.     Deny the allegations set forth in paragraph 49 of the Amended Complaint except admit that the Village posted signs indicating that trucks were not permitted on Van Ranst Place, except for local deliveries.

Police Follow Day Laborers to Mamaroneck Avenue

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Amended Complaint.

51.     Deny the allegations set forth in paragraph 51 of the Amended Complaint.

52.     Deny the allegations set forth in paragraph 52 of the Amended Complaint.

53.     Deny the allegations set forth in paragraph 53 of the Amended Complaint.

54.     Deny the allegations set forth in paragraph 54 of the Amended Complaint.

55.     Deny the allegations set forth in paragraph 55 of the Amended Complaint.

56.     Deny the allegations set forth in paragraph 56 of the Amended Complaint.

March 27th Resolution Rejecting Alternative Day Laborer Site

57.     Admit the allegations set forth in paragraph 57 of the Amended Complaint.

58.     Admit the allegations set forth in paragraph 58 of the Amended Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Amended Complaint and respectfully refer the Court to the minutes of the March 27, 2006 meeting for its full scope and content.

60.     Deny the allegations set forth in paragraph 60 of the Amended Complaint.

61.     Deny the allegations set forth in paragraph 61 of the Amended Complaint.

62.     Deny the allegations set forth in paragraph 62 of the Amended Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Amended Complaint.

Effect on Plaintiffs

John Doe No. 1

64.     Deny the allegations set forth in paragraph 64 of the Amended Complaint.

65.     Deny the allegations set forth in paragraph 65 of the Amended Complaint.

66.     Deny the allegations set forth in paragraph 66 of the Amended Complaint.

John Doe No. 2

67.     Deny the allegations set forth in paragraph 67 of the Amended Complaint.

68.     Deny the allegations set forth in paragraph 68 of the Amended Complaint.

69.     Deny the allegations set forth in paragraph 69 of the Amended Complaint.

John Doe No. 3

70.     Deny the allegations set forth in paragraph 70 of the Amended Complaint.

71.     Deny the allegations set forth in paragraph 71 of the Amended Complaint.

John Doe No. 4

72.     Deny the allegations set forth in paragraph 72 of the Amended Complaint.

73.     Deny the allegations set forth in paragraph 73 of the Amended Complaint.

74.     Deny the allegations set forth in paragraph 74 of the Amended Complaint.

John Doe No. 5

75.     Deny the allegations set forth in paragraph 75 of the Amended Complaint.

76.     Deny the allegations set forth in paragraph 76 of the Amended Complaint.

77.     Deny the allegations set forth in paragraph 77 of the Amended Complaint.

John Doe No. 6

78.     Deny the allegations set forth in paragraph 78 of the Amended Complaint.

79.     Deny the allegations set forth in paragraph 79 of the Amended Complaint.

80.     Deny the allegations set forth in paragraph 80 of the Amended Complaint.

John Does No. 7

81.     Deny the allegations set forth in paragraph 81 of the Amended Complaint.

82.     Deny the allegations set forth in paragraph 82 of the Amended Complaint.

83.     Deny the allegations set forth in paragraph 83 of the Amended Complaint.

John Doe No. 8

84.     Deny the allegations set forth in paragraph 84 of the Amended Complaint.

85.     Deny the allegations set forth in paragraph 85 of the Amended Complaint.

86.     Deny the allegations set forth in paragraph 86 of the Amended Complaint.

87.     Deny the allegations set forth in paragraph 87 of the Amended Complaint.

88.     The allegations set forth in paragraph 87 of the Amended Complaint state legal conclusions as to which no responsive pleading is required.  If a response is required, Defendants deny the allegations set forth in paragraph 87 of the Amended Complaint.

National Day Laborer Organizing Network

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Amended Complaint.

90.     Deny the allegations set forth in paragraph 90 of the Amended Complaint.

91.     Deny the allegations set forth in paragraph 91 of the Amended Complaint.

## CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF

Violation of Plaintiffs' First Amendment Rights

92.     In response to the allegations set forth in paragraph 92 of the Amended Complaint, Defendants repeat and re-allege their responses set forth in paragraphs 1 through 91 herein.

93.     The allegations set forth in paragraph 93 of the Amended Complaint state legal conclusions as to which no responsive pleading is required.  If a response is required, Defendants deny the allegations set forth in paragraph 93 of the Amended Complaint.

94.     Deny the allegations set forth in paragraph 94 of the Amended Complaint.

SECOND CLAIM FOR RELIEF

Violation of Latino Day Laborers' Equal Protection Rights

95.     In response to the allegations set forth in paragraph 95 of the Amended Complaint, Defendants repeat and re-allege their responses set forth in paragraphs 1 through 94 herein.

96.     Deny the allegations set forth in paragraph 96 of the Amended Complaint.

97.     Deny the allegations set forth in paragraph 97 of the Amended Complaint.

98.     Deny the allegations set forth in paragraph 98 of the Amended Complaint.

99.   Deny the allegations set forth in paragraph 99 of the Amended Complaint.

100.   Deny the allegations set forth in paragraph 100 of the Amended Complaint.

101.   The allegations set forth in paragraph 101 of the Amended Complaint state legal conclusions as to which no responsive pleading is required.  If a response is required, Defendants deny the allegations set forth in paragraph 101 of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

102.   The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

103.   The Defendants are entitled to qualified and/or absolute immunity.

### THIRD AFFIRMATIVE DEFENSE

104.   Upon information and belief, Plaintiffs John Does 1 through 8 are illegal and undocumented aliens.  Their solicitation of employment concerns unlawful activity which is not protected by the First Amendment.

### FOURTH AFFIRMATIVE DEFENSE

105.   Plaintiffs John Does 1 through 8 have not set forth a valid claim under the Fourteenth Amendment.

### FIFTH AFFIRMATIVE DEFENSE

106.   Plaintiff National Day Laborer Organizing Network ("NDLON") does not have standing or capacity to assert a First Amendment claim.

### SIXTH AFFIRMATIVE DEFENSE

107.   NDLON does not have standing to assert a Fourteenth Amendment violation of its right to equal protection of the law.

108.   NDLON has failed to assert any injury.

10

## SEVENTH AFFIRMATIVE DEFENSE

109.   NDLON does not have standing to assert a claim under 42 USC § 1983.

## EIGHTH AFFIRMATIVE DEFENSE

110.      Plaintiffs have failed to certify that they represent the "class" to maintain this action on behalf of others.

WHEREFORE, Defendants respectfully request that the Court:

(i)     dismiss the Amended Complaint in its entirety;

(ii)    award the Defendants attorneys' fees and costs; and

(iii)   grant Defendants any other and further relief as the Court deems just and proper.

Dated: White Plains, New York
        July 28, 2006

THACHER PROFFITT & WOOD LLP
*Attorney for Defendants*

By:_____
        Kevin J. Plunkett (KP 3049)
        Lino J. Sciarretta (LS 7679)
        Andrew B. Zinman (AZ-0902)
        50 Main Street,
        White Plains, New York 10606
        (914) 421-4100

11